FLOYD, Circuit Judge,
concurring:
I am pleased to join in Judge Keenan’s fine opinion in this case. I write separately to articulate my understanding of one aspect of our holding. I agree that the “dichotomy between lawful discretionary acts and unlawful activity will not always be clear when applied to particular conduct.” Ante at 159. In discussing this concept with the term “grey area,” ante at 159-60, I do not understand the opinion to suggest that courts cannot adjudicate close questions of lawfulness regarding military affairs. Courts can adjudicate such questions without offending the political question doctrine.
“The nonjusticiability of a political question is primarily a function of the separation of powers” under our constitutional scheme. Baker v. Carr, 369 U.S. 186, 210, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). That scheme does not assign military decision making to the judiciary and, as a consequence, questions of military policy are not for us to resolve. But this does not mean that every case touching military affairs is nonjusticiable. In separating the powers of government, the Constitution assigns to the judiciary the power to resolve “what the law is.” Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). Thus although the reasonableness of military conduct may not be justiciable, the lawfulness of that conduct assuredly is. Cf., e.g., Boumediene v. Bush, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008); Hamdan v. Rumsfeld, 548 U.S. 557, 126 S.Ct. 2749, 165 L.Ed.2d 723 (2006).
The precise contours of “what the law is” may be uncertain until a court evaluates the lawfulness of specific conduct. For example, despite repeated judicial application of torture laws, see ante at 161, the precise legal scope of the prohibition on torture is not perfectly defined. There is, in other words, conduct for which the judiciary has yet.to determine the lawfulness: loosely, a grey area.
But this greyness does not render close torture cases nonjusticiable merely because the alleged torturer was part of the executive branch. While executive officers can declare the military reasonableness of conduct amounting to torture, it is beyond the power of even- the President to declare such conduct lawful. The same is true for any other applicable legal prohibition. The fact that the President—let alone a significantly inferior executive officer—opines that certain conduct is lawful does not determine the actual lawfulness of that conduct. The determination of specific violations of law is constitutionally committed to the courts, even if.that law touches military affairs. Cf., e.g., Gilligan v. Morgan, 413 U.S. 1, 11-12, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973).
Of course the fact that a claim is justiciable under the political question doctrine says very little about that claim’s proce *163 dural or substantive merits. Among other things, a claim may be inadequately alleged, barred by other jurisdictional doctrines, or ultimately not proven., “In instances in which the lawfulness of ... conduct was not settled at the time the conduct occurred,” ante at 159, a defendant may be able to avoid liability through the doctrine of qualified immunity, the ATS requirement that conduct violate customary international law, the requirement of Federal Rule of Civil Procedure 12 that a claim be stated for which relief may be granted, or other applicable law. See, e.g., Viet. Ass’n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 123 (2d Cir. 2008) (adjudicating and dismissing claims brought pursuant to the ATS because the plaintiffs did not allege conduct proscribed by a sufficiently universal customary international law norm). However, the judiciary is well equipped to adjudicate such issues without impermissibly answering political questions.